UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Marchieta Richard,

Plaintiff,

vs. ORDER

Stork Gamco, Inc. Chickmaster, Inc., and Gainesville Machine Company,

Defendants. Civ. No. 02-778 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

To: David W. Schneider, Schneider Law Firm, 706 South First Street, P.O. Box 776, Willmar, Minnesota, 56201.

At Duluth, in the District of Minnesota, this 12th day of August, 2002.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon a general assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

It appears from the record that this action was commenced in Minnesota State Court for the Seventh Judicial District, on or about March 4, 2002, by the service of a Summons and Complaint upon the Defendants.

On April 12, 2002, Defendants Stork Gamco, Inc. ("Stork"), filed a Notice of Removal with this Court. In addition, Stork filed its separate Answer to the Plaintiff's Complaint. However,

(4)

FILED AUG 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

to the present date, the remaining Defendants, Chickmaster, Inc. ("Chickmaster"), and Gainseville Machine Company ("Gainesville") have not answered the Complaint. As is here pertinent, Rule 81(c), Federal Rules of Civil Procedure, provides the following:

> In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

It would appear that these deadlines have passed, and no Answer has been filed by the Chickmaster or Gainesville. Nevertheless, Rule 81(c), as well as the Local Rules of this District, require that an Answer or other pleading be filed, or, if the Defendant should choose to respond to the Complaint by a Dispositive Motion, that a cover letter be filed, which complies with the dictates of LR7.1(b)(2)(A). Although an initial motion for an extension of time will be liberally construed by the Court in the absence of any objection by opposing counsel, the Court does not permit counsel, by agreement, to extend the time for complying with these procedural requisites.

WHEREFORE, It is --

ORDERED:

1. That within 10 days of the date of this Order, the Defendants shall file appropriate documentation which complies with the procedures which are outlined in this Order, or else move for an extension of time to do so.

2. That, unless the required documentation is filed by the Defendants within the foregoing 10 day time period, the Plaintiff shall file an application for entry of default.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE