UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Marchieta Richard,

Plaintiff,

vs.

Stork Gamco, Inc.,
Chickmaster Inc., and
Gainsville Machine Company,

Defendants,

vs.

Stork Gamco, Inc.,

Defendant and
Third Party Plaintiff,

vs.

Gold N' Plump Poultry, Inc.,

Third Party Defendant. Civ. No. 02-778 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of May, 2003.

* * *

By letter dated May 13, 2003, the Applicant for Intervention, CNA Insurance Company ("CNA"), withdrew its Motion to Intervene

FILED MAY 14 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ___
DEPUTY CLERK ___

and, therefore, we have no issue before us.[1] Contrary to the view expressed by CNA, CNA does not have leave to complicate the factual and legal issues presented without an Order of the Court. Further, contrary to the views expressed by CNA, a proposed party to litigation has no standing to advise the Court of what it intends to do unless the Court takes exception, or unless a current party to the litigation objects. There being no Motion to be heard, the Hearing on CNA's Motion to Intervene, which is currently scheduled before the undersigned for May 15, 2003, is stricken at the direction of the moving party. We wish to make plain, however, that CNA does not have the Court's leave to serve process upon any party absent an Order to that effect.

NOW, THEREFORE, It is --

ORDERED:

That the Motion to Intervene of CNA Insurance Company [Docket No. 20] having been withdrawn by virtue of the moving party having

---

[1]In its Motion, CNA included a legend to the effect that, if no party objected to its intervention, within thirty days after the service of the Motion, then the intervention would be "deemed to have been accomplished." Since the referenced thirty days had expired, with only one nominal objection being filed with the Court, CNA "deemed" the Motion for Intervention granted, and cancelled the scheduled Motion before this Court. We construe these acts as a withdrawal of the Motion, as the Court is not an idle bystander in matters of intervention and, independently, has the controlling say, absent a directive from a Court of superior jurisdiction. The Hearing having been unilaterally cancelled by CNA, the Court has nothing to rule upon.

cancelled the Hearing on the Motion, we direct the Clerk of Court to note that the Motion is withdrawn.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE