UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Marchieta Richard,

Plaintiff,

vs.

Stork Gamco, Inc.,
Chickmaster Inc., and
Gainsville Machine Company,

Defendants,

vs.

Stork Gamco, Inc.,

Defendant and
Third-Party Plaintiff,

vs.

Gold N' Plump Poultry, Inc.,

Third-Party Defendant. Civ. No. 02-778 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of June, 2003.

* * *

On June 5, 2003, the Court heard argument on the Motion of CNA Insurance Company ("CNA") to Intervene. At the time of the Hearing, CNA appeared by Shalanda D. Ballard, Esq., and the Plaintiff,

30

FILED JUN 17 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Marchieta Richard, appeared by Dawn M. Weber, Esq.[1] For reasons which follow, we grant the Motion to Intervene.

This is a personal injury action arising from an allegedly defective product. On or about October 14, 1998, the Plaintiff, while working at Gold N' Plump Poultry, Inc., which is a Third-Party Defendant, was involved in an accident which resulted in the amputation of her hand. CNA was obligated to pay and, in fact, did pay Workers Compensation benefits to the Plaintiff, on her employer's behalf. CNA represents that it will also be required to pay additional benefits in the future. As a consequence, CNA requests leave to intervene in this matter so as to protect its subrogation interests.

At the outset, we note that no party objects to the intervention of CNA. Regardless, "[i]f subrogated, a compensation insurer may intervene in an action against a third party tortfeasor as a matter of right under Fed. Rules Civ. Proc. Rule 24(a)." Black v. Texas Emp. Ins. Ass'n, 326 F.2d 603, 604 (10th Cir. 1964); see also, Carnley v. Aid to Hospitals, Inc., 975 F. Supp. 252, 258 (W.D.N.Y.

---

[1]No other appearances were made by, or on behalf of, any of the other parties, although counsel for the Defendant Stork Gamco, Inc. ("Stork Gamco") advised, in a letter to the Court, that Stork Gamco had no objection to the Motion to Intervene. Further, at the Hearing on the Motion, counsel for CNA, and for the Plaintiff, both represented that no party had objected to the proposed intervention.

1997)("Other courts, faced with identical or very similar circumstances, have held that an insurance carrier may intervene as of right in an action brought by the injured party against a third-party tortfeasor," citing Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970)(holding that carrier was entitled to intervene as of right where the State's Workers Compensation law permitted subrogation of a compensation carrier)); Curtis v. Sears, Roebuck & Co., 754 F.2d 781, 783 (8th Cir. 1985)(no fault insurance carrier allowed to intervene as of right to assert statutory lien in action between injured person and third-party tortfeasor); Black v. Texas Employers Ins. Assoc., supra at 604). Further, "[w]here intervention is of right [is proper] the courts and authorities are in substantial agreement that there need be no independent jurisdictional grounds to support the intervenor's claim." Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 540 (8th Cir. 1970)[empha sis supplied], citing Kozak v. Wells, 278 F.2d 104 (8th Cir. 1960); Black v. Texas Employers Insurance Ass'n, supra at 604; Formulabs, Inc. v. Hartley Pen Co., 318 F.2d 485 (9th Cir. 1963), cert. denied, 375 U.S. 945 (1963).

Since we look to Minnesota law concerning CNA's asserted subrogation interest, we note that, "[u]nder the statutory laws of Minnesota, once the Plaintiff elected to receive workers' compensation benefits, the Employer/Insurer became subrogated to the

Plaintiff's right to recover damages against the Defendant, or against any other third-party tortfeasor who was implicated in her injuries." Van Gordon v. Beaver, 928 F. Supp. 858, 861 (D. Minn. 1996), citing Minnesota Statutes Section 176.061, Subdivisions 5, 7 and 10; see also, Kliniski v. Southdale Manor, Inc., 518 N.W.2d 7, 9 (Minn. 1994). As we explained, in Van Gordon v. Beaver:

> In actuality, an employer/insurer's claim against a tortfeasor, for the reimbursement of payments made to a plaintiff for medical expenses, is not a subrogation claim at all. Under Minnesota law, an employer/insurer is permitted to commence a cause of action so as to recover those payments and, unlike a subrogated claim, such an action will exist separate and apart from the plaintiff's entitlements as a workers' compensation claimant.

Id., at 862 n.3, citing, Minnesota Statutes Section 176.061, Subdivision 7; see also, Folstad v. Eder, 467 N.W.2d 608, 611 (Minn. 1991).

Citing the Minnesota Supreme Court, in Folstad v. Eder, supra at 611, we further observed that "because of the interaction between these two distinct claims, their resolution -- either by settlement or by trial -- may require the joint participation of both the plaintiff and her employer/insurer." Id. at 863. Thus, without objection from any party, and given the applicable provisions of Minnesota law, we grant the Motion of CNA to intervene.

NOW, THEREFORE, It is --

ORDERED:

That the Motion of CNA Insurance Company to Intervene [Docket No. 28] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE